IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY 1996 SESSION

STATE OF TENNESSEE,       )
                          )
         Appellee,        )       No. 01C01-9507-CR-00220
                          )
                          )       Davidson County
v.                        )
                          )        Hon. Ann Lacy Johns, Judge
                          )
ROBERT LEE BAILEY, JR.,   )       (Sale of Cocaine and Evading Arrest)
                          )
         Appellant.       )

**FILED**

**May 9, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

**CONCURRING OPINION**

I concur in the majority opinion, but I write separately to stress my concern about the use of evidence of complaints about drug dealing near a school for the ostensible purpose of explaining why the police were conducting the undercover investigation where they did. We need not "assume" it to be inadmissible -- we should declare it to be because its risk of prejudice substantially outweighs its nominal relevance. There was no good reason for the police to explain anything other than that they were conducting an undercover drug investigation. One treatise has recognized as an "area of apparently widespread abuse" the allowing of police officers to relate hearsay statements, such as complaints and reports, for the supposed purpose of explaining the officers' presence and conduct. 2 John William Strong McCormick On Evidence at 104 (4th ed. 1992); see also State v. Randall Gibbs, Dickson Co., No. 01C01-9409-CC-00300 (Tenn. Crim. App. July 14, 1995) (Summers, concurring). Such an abuse occurred in this case. It is only because the evidence is overwhelming in showing the defendant's guilt that I agree that the conviction should be affirmed.

_____
                Joseph M. Tipton, Judge